UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KARLA NAHOMI POVEDA MILLER,

Petitioner,

v.

CATHI COLLINS, MARKWAYNE MULLIN, TODD BLANCHE, SAMUEL OLSON,

Respondents.

CAUSE NO. 3:26-CV-1301-CCB-SJF

**ORDER**

Immigration detainee Karla Nahomi Poveda Miller, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging she is unlawfully confined in violation of the laws or Constitution of the United States.

According to the petition, Poveda Miller was born in Mexico in 2005 and entered the United States without inspection in 2013 as a minor child. She alleges she has been held without charges in the Fulton County Jail since September 1, 2026, ostensibly at the direction of Immigration and Customs Enforcement (ICE). She argues her detention is unlawful because she is not in removal proceedings before an immigration court and no removal order has ever been entered against her. She further argues her detention is unlawful because she has a pending self-petition under the Violence Against Women Act (VAWA) as the abused child of a United States citizen, and the detention of a VAWA petitioner is prohibited by agency policy and the preliminary injunction in

*Immigration Center for Women, v. Noem*, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026). Finally, she argues her detention violates the Due Process Clause of the Fifth Amendment.

Upon review of the petition, the court finds that Poveda Miller has raised sufficient issues to require a response from the government. She asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of today's claims.

Finally, Poveda Miller includes respondents who are not her "immediate custodian" and who do not exercise "day-to-day control" over the Fulton County Jail, where she is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000).

Therefore, the court will dismiss the noncustodial respondents as improper under *Kholyavskiy*. Though recent experience in immigration habeas cases informs that federal counsel will represent the Warden and ensure compliance with orders, the dismissal will be without prejudice to allow for reinstatement should it become necessary to effectuate any relief ordered by the court.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** Markwayne Mullin, Todd Blanche, and Samuel Olsen;

(2) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) on the Jail Commander of the Fulton County Jail;

(3) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to the Jail Commander of the Fulton County Jail and the United States Attorney for the Northern District of Indiana;

(4) **ORDERS** the Jail Commander and the United States Attorney to acknowledge receipt of the petition to the clerk and **DIRECTS** the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) **ORDERS** the respondent to file an answer to the petition by **September 23, 2026**, addressing petitioner's arguments that she is being illegally detained and providing relevant immigration records, including any administrative warrant issued for her arrest pursuant to 8 U.S.C. § 1226(a), a copy of the Notice to Appear, and documents related to her VAWA petition; and

(6) **GRANTS** the petitioner until **September 30, 2026**, to file a reply in support of her petition.

SO ORDERED on September 14, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT